IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Daniel Adem Van Daalen, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 06-672 PHX EHC (VAM) |
| | ) | |
| Greg Fizer, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondents. | ) | |

TO THE HONORABLE EARL H. CARROLL, U.S. DISTRICT JUDGE.

Daniel Adem Van Daalen ("petitioner") filed a pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner presents four grounds for relief in the amended petition. (Doc. 6 at pp. 5-8). On July 10, 2006, in lieu of an answer, respondents filed a motion for extension of time to file same. (Doc. 8). That same day, petitioner filed a "Motion for Entry of Default Order." (Doc. 9). Respondent filed a response to the "Motion for Entry of Default Order" on July 24, 2006. (Doc. 10).

In this motion, petitioner seeks entry of default against respondents because respondents did not file the required response to the habeas petition within 40 days of the entry of the Court's order of May 12, 2006, wherein the Court directed respondents "to respond within 40 days *of the date of service*." (Doc. 9 at p. 2; Doc. 5 at p. 2) (emphasis added).

Respondents contend that a motion for extension of time was filed within 40 days of the date of service of the petition. They assert service was made on May 30, 2006. This being so, they contend that pursuant to Fed.R.Civ.P. 6(a), they had until July 9, 2006, to file a response. Because that day fell on a Sunday, they argue they had until Monday, July 10, 2006, to file a timely response. On that day, in lieu of a response, they filed the motion for extension of time.[1]  (See Doc. 8).

Even if respondents' motion for additional time to file an answer was not timely, granting petitioner's motion for default is unwarranted. In Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), the Ninth Circuit Court of Appeals held that "the failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."  To permit default on such a technical basis, without any assessment as to the merits of the habeas petition, could result in "[r]eleasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, ..." Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994). Allowing entry of default would "be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time." Id. at 653.

The Magistrate Judge believes the motion for extension of time was timely and should be granted. However, even if the

---

[1] In the motion for extension of time, respondents ask that they have until August 21, 2006, to file an answer. (Doc. 8 at p. 1).

motion was filed a few days after expiration of the 40-day period to respond, granting petitioner's motion for entry of default is unwarranted.  Petitioner can demonstrate no prejudice from the short delay in filing an answer and case law does not support entry of a default judgment under such circumstances.

**IT IS THEREFORE RECOMMENDED** that petitioner's "Motion for Entry of Default Order" (Doc. 9) be denied.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment.  The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 8th day of August, 2006.

_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge

3