1  WO

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8   Daniel Adem Van Daalen,        )
                                    )
9                  Petitioner,      )
                                    )
10                 v.               )   CV 06-672 PHX EHC (VAM)
                                    )
11  Greg Fizer, et al.,            )   ORDER
                                    )
12  _____Respondents._____)

13       Pending before the Court is respondents' Motion for

14  Extension of Time to File an Answer (Doc. 8), and petitioner's

15  Motion for Appointment of Counsel, and accompanying "affidavit"

16  and "Memorandum in Support"  (Docs. 11, 12 and 13).

17       1. Motion for Extension of Time

18       Respondents ask for additional time, until August 21, 2006,

19  to file an answer to the petition.  (Doc. 8).  For good cause

20  appearing, the motion will be granted.

21       2. Motion for Appointment of Counsel

22       Petitioner requests that the Court appoint counsel to

23  represent him in this matter.  (Doc. 11).  Indigent state

24  prisoners applying for habeas corpus relief are not entitled to

25  appointed counsel unless the circumstances indicate that

26  appointed counsel is necessary to prevent due process violations.

27  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert.

28  denied, 481 U.S. 1023 (1987).  The Court has discretion to

appoint counsel when "the interests of justice so require."  18

U.S.C. § 3006A(a)(2).  Before appointment of counsel in a habeas

proceeding will be appropriate, the Court "must evaluate the

likelihood of success on the merits as well as the ability of the

petitioner to articulate his claims pro se in light of the

complexity of the legal issues involved." Weygandt v. Look, 718

F.2d 952, 954 (9th Cir. 1983), see also Duckett v. Godinez, 67

F.3d 734, 750 (n. 8) (9th Cir. 1995).

Petitioner argues that the issues he raises are complex and

that he has "limited access to legal material and the law

library." (Doc. 11 at p. 1).  Petitioner also asserts he is

"mentaly [sic] handicapped and does not understand or have

knowledge of the law."

The Court rejected a previous motion for appointment of

counsel filed by petitioner. (See Doc. 4).  In doing so the

Court noted that petitioner "adequately explained himself in the

[petition]" and had not substantiated his medical condition.  In

addition, the Court noted petitioner "has not demonstrated he can

raise any meritorious constitutional arguments in a § 2254

petition." (Id. at p. 3).  Petitioner presents nothing new in

his renewed request for appointment of counsel and the Court does

not believe he has satisfied the requirements for appointment of

counsel under 18 U.S.C. § 3006A.  Petitioner's claims are not

complex and he has articulated them pro se with reasonable

clarity. (See Doc. 6 at pp. 5-8).  In addition, petitioner has

not substantiated his claim of mental impairment and has not

shown a likelihood of success on the merits of his claims.  See

2

Weygandt, 718 F.2d at 954; Duckett, 67 F.3d at 750 (n. 8).  This motion will be denied without prejudice.

IT IS THEREFORE ORDERED that respondents' Motion for Extension of Time to File and Answer (Doc. 8) is granted.  The answer is due no later than August 21, 2006.

IT IS FURTHER ORDERED that petitioner's Motion for Appointment of Counsel (Doc. 11) is denied without prejudice.

DATED this 8th day of August, 2006.


_Virginia A. Mathis_

Virginia A. Mathis
United States Magistrate Judge